UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STACEY W. BRACKENS | CIVIL ACTION NO. 05-1377 |
| versus | JUDGE WALTER |
| GLORIA LEONARD BRACKENS, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Stacey Brackens ("Plaintiff") filed this pro se civil action against four defendants whom Plaintiff accuses of fraud in connection with a relative's estate, timber sales and other acts. One defendant filed an answer. Plaintiff obtained an entry of default (Doc. 9) against the other three. Before the court is a **Motion to Vacate and Set Aside Default (Doc. 13)** filed by those three defendants.

Under Fed. R. Civ. P. 55(c), a district court may set aside an entry of default for good cause. Defaults are generally disfavored in the law and should not be granted merely because a defendant has failed to meet a procedural time requirement. All doubts about the propriety of the default should be resolved in favor of a contest on the merits. Lacy v. Sitel Corporation, 227 F.3d 290, 292 (5th Cir. 2000). In determining whether there is good cause to set aside a default, courts often look to the following factors: (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented, and (4) whether the defendant acted expeditiously to correct the default. Id.

Plaintiff's complaint was filed in July 2005. Plaintiff filed summons returns indicating that service had been made and that answers were due from the (defaulted) defendants on September 12, 2005. Plaintiff requested entry of default just three days after that date. Less than two weeks later, the defaulted defendants attempted to file a motion for extension of time, which the clerk labeled deficient because of the default that had been entered. Within a few days, the defaulted defendants filed the Motion to Vacate and Set Aside.

The defaulted defendants acted expeditiously to correct the default, and the very brief delay could not conceivably have caused prejudice to Plaintiff's case. There is no evidence that the default was willful. And the defendants have indicated a strong desire to challenge the complaint with a number of procedural and substantive defenses. Plaintiff challenges the merits of the defendants' defenses, but Plaintiff's response to the motion concludes with a request that the court permit the case to move forward "so that the Defendants might be allowed to defend plaintiff's claim." Doc. 18, p. 14.

The **Motion to Vacate and Set Aside Default (Doc. 13)** is **granted**. It would be an abuse of discretion to deny the motion under these circumstances. The movants are directed to file an answer or other response to the complaint by **April 21, 2006.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 10th day of April, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE