
RECEIVED
JUN 3 0 2006
JOHN R. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| STACEY W. BRACKENS | CIVIL ACTION NO. 05-1377 |
| versus | JUDGE WALTER |
| GLORIA LEONARD BRACKENS, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Stacey Brackens ("Plaintiff"), who resides in Kansas, filed this civil action against three Louisiana citizens who Plaintiff alleges are his joint heirs to a Louisiana estate. Plaintiff also names as a defendant David Lebaron, whose timber company Plaintiff alleges wrongfully purchased timber from estate lands. Plaintiff's complaint, which he filed without representation by an attorney, bases jurisdiction upon diversity of citizenship. Plaintiff alleges that the amount in controversy exceeds $75,000, and his prayer for relief asks for compensatory damages of $99,000.

Before the court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 22) filed by three of the defendants on the grounds that the amount in controversy does not exceed $75,000. When a diversity complaint is filed in federal court, the general rule is that the amount claimed by the plaintiff in his complaint controls unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. Horton v. Liberty Mutual Ins. Co., 81 S.Ct. 1570, 1573 (1961); St. Paul Mercury Indemnity Co. v. Red

Cab Co., 58 S.Ct. 586 (1938). For the defendant to obtain dismissal when the plaintiff has specifically alleged an amount that exceeds $75,000, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. Horton, supra.

Defendants have presented affidavits that explain that this litigation is related to a probate proceeding pending in a Bienville Parish state court. (Plaintiff has filed a separate action against the executrix of the estate that is pending as 05 CV 1079.). The affidavits also show that the Act of Timber Sale about which Plaintiff complained in his complaint was for a total consideration of $6,000, but no timber was ever cut, and the entire consideration was returned when the parties executed a document titled Act of Negation of Timber Sale Contract. There was a later another contract to sell timber from estate property, but less than $2,500 was paid by the timber company on that contract before it, too, was terminated.

Plaintiff has not responded to this evidence by showing that the timber at issue or related consideration was in an amount that would support the exercise of diversity jurisdiction, and he has not articulated any facts or legal grounds that could reasonably warrant an award of his prayer for $99,000 in compensatory damages. Plaintiff's affidavit filed in response to the motion makes reference to royalties from an oil well, but the role of the royalty in this case is not made clear, and it was not mentioned in the complaint, which that is focused on the timber transactions. Defendants have demonstrated to a legal certainty,

given the lack of evidence to dispute the specific, sworn factual record that they have presented, that the amount in controversy in this case does not exceed $75,000.[1]

Plaintiff's complaint makes reference to the Americans with Disabilities Act in a caption at page 6, but the complaint does not allege facts to explain the basis for any such claim. If a federal claim is wholly insubstantial and frivolous, the reference to the claim does not give rise to federal question jurisdiction. See Williamson v. Tucker, 645 F.2d 404, 416 (5th Cir. 1981). That standard is met in this case; there is no plausible foundation articulated in the complaint for a claim under the federal act that is merely mentioned in a caption. In the alternative, the purported federal claim is subject to dismissal pursuant to F.R.C.P. 12(b)(6).

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 22)** be **granted** and that Plaintiff's complaint be **dismissed without prejudice** for lack of subject matter jurisdiction.

---

[1] An affidavit in Plaintiff's other case related to the succession, 05 CV 1079, includes testimony from Jonathon Stewart, the attorney for the executrix, that the Amended Detailed Descriptive List filed in the succession lists the gross value of the succession assets as $70,400.67, with the net value only $55,722.29. According to the affiant, the maximum amount that Plaintiff could recover as one of several heirs, even without deduction for debts of the succession, would be less than $11,000. Plaintiff responded in that case by merely stating that the value of the estate has not yet been determined by the courts, but he did not offer any competing evidence regarding the valuation. Judge Hicks recently held in 05 CV 1079 that Plaintiff did not establish the requisite amount on controversy to support diversity jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 29th day of June, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Walter